UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES RUFUS HOLLINESS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Cause No. 3:08 CV 168 PS |
| ) | |
| SUPERINTENDENT, PLAINFIELD ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner James Holliness, a prisoner confined at the Plainfield Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary hearing. Holliness states that on November 7, 2007, a prison disciplinary board found him guilty of disruptive, unruly, rowdy, unreasonable noise, and sanctioned him with one month of commissary restrictions.  The petitioner does not assert that the hearing board deprived him of earned credit time or demoted him to a lower credit time earning classification, and the Report of Disciplinary Hearing, which he attached to his petition, establishes that he did not lose earned credit time and was not demoted to a lower credit time earning classification.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

 The Fourteenth Amendment's due process clause provides state prisoners a liberty interest in good time credits, and they cannot be deprived of good time credits without due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Because the loss of good time credits

increases the duration of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990). But the Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not affect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998).

The petitioner did not lose earned credit time and was not demoted in credit time earning classification, so the sanctions imposed on him did not affect his release date.  Because he was only given a sanction consisting of one month of commissary restrictions, the petitioner has not suffered a sanction that is actionable under U.S.C. § 2254. The petitioner's request for a writ of habeas corpus must, therefore, be denied on its face based on Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, which allows for the dismissal of a petition because it plainly appears from the face of the petition that the petitioner is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

For the foregoing reasons, the Court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**SO ORDERED**.

ENTERED: June 12, 2008

/s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT